# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| VITALE & ASSOCIATES, LLC, | 2:12-CV-1400 JCM (VCF) |
| Plaintiff(s), | |
| v. | |
| SUE LOWDEN, et al., | |
| Defendant(s). | |

# ORDER

Presently before the court is plaintiff Vitale & Associates, LLC's motion to amend complaint to name Sue Lowden for U.S. Senate (the "campaign committee") as a defendant. (Doc. #10). Defendant Sue Lowden did not file an opposition.

## I. Background

On August 8, 2012, plaintiff filed a complaint against defendant Lowden. (Doc. #1). On December 6, 2012, defendant Lowden filed a certificate of interested parties, adding the campaign committee as an interested party in this case. (Doc. # 9). Based on the certificate of interested parties, plaintiff filed a motion to amend the complaint adding the campaign committee as a defendant. (Doc. #10).[1]

## II. Legal Standard

Federal Rules of Civil Procedure Rule 19(a) requires joinder where joinder "will not deprive

---

[1] Plaintiff attached proposed amended complaint also adds additional causes of action not specified in the motion. (Doc. #10-1).

**James C. Mahan**
**U.S. District Judge**

1  the court of subject-matter jurisdiction" and where "that person claims an interest relating to the
2  subject of the action and is so situated that disposing of the action in the person's absence may . . .
3  leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise
4  inconsistent obligations because of the interest." FED. R. CIV. P. 19(a).

**III.    Discussion**

As an initial matter, the court notes that plaintiff complied with local rule 15-1(a) and attached its proposed amended complaint to the motion to amend.

In her certificate of interested parties, defendant Lowden asserts that the campaign committee would owe any debt alleged in the complaint. (Doc. #9). Plaintiff argues that based on this assertion, the campaign committee should be added as a defendant. (Doc. # 10).[2] Because both parties have acknowledged the campaign committee's interest in this action, the court grants plaintiff's motion to add the campaign committee as a defendant.[3]

Further, while plaintiff's motion to amend (doc. #10) did not address the additional causes of action alleged in the proposed amended complaint (doc. #10-1); defendant Lowden did not file an opposition.[4] Because defendant Lowden's failure to respond constitutes consent to the granting of the motion pursuant to local rule 7-2(d), the court also grants plaintiff's motion on this basis.

. . .
. . .
. . .
. . .
. . .

---

[2] However, plaintiff maintains its position that defendant Lowden is personally responsible for the debt owed. (Doc. #10).

[3] The court notes that amendment is permitted so long as amendment does not deprive the court of subject matter jurisdiction. The proposed amended complaint does not assert the citizenship of the campaign committee; however, it appears from the certificate of interested parties that the campaign committee is a nonprofit association under Nevada law.

[4] "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Local Rule 7-2(d).

**James C. Mahan**
**U.S. District Judge**

- 2 -

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to amend (doc. #10) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERED that plaintiff shall file and serve the amended complaint upon defendants within fourteen (14) days of publication of this order.

DATED this 6th day of February, 2013.

_____
UNITED STATES DISTRICT JUDGE