**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| VITALE & ASSOCIATES, LLC, | |
| Plaintiff, | 2:12–cv–1400–JAD–VCF |
| vs. | **ORDER AND** |
| SUE LOWDEN, *et al.*, | **REPORT & RECOMMENDATION** |
| Defendants. | |

This matter involves Vitale & Associates' action against former U.S. Senate candidate Sue Lowden for unpaid campaign expenses. (Amend. Compl. #12) at 2[1]). Before the court are Vitale & Associates' motion to compel compliance with Plaintiff's subpoena *duces tecum* (#28) and motion to extend time (#38). Nonparty Robert Beers and Lowden filed oppositions (#35, #39). Vitale & Associates did not timely reply.[2] Also before the court is Plaintiffs' unopposed motion to disqualify attorney John Head from *pro hac vice* representation (#34). For the reasons stated below, Vitale & Associates' motions are denied and it is recommended that John Head's permission to appear *pro hac vice* be revoked.

**BACKGROUND**

On June 8, 2010, former Nevada State Senator Sue Lowden was defeated by Sharron Angle in the Republican primary for United States Senate. (Beers Decl. (#35-1) at ¶ 7). On August 8, 2012, Vitale

---

[1] Parenthetical citations refer to the court's docket.

[2] On February 2, 2014, Vitale & Associates filed an untimely reply Lowden's opposition (#44). *See* LR 7-2(c). The court is under no obligation to consider it. *Morgal v. Maricopa Cnty. Bd. of Sup'rs*, 284 F.R.D. 452, 457 (D. Ariz. 2012). However, having considered the reply, the court denies the motion for the reasons stated below. (*See infra* § II).

1

& Associates commenced a breach of contract action against Lowden. (*See* Compl. (#1) at 2:14); (Amend. Compl. (#12) at 2). The essence of Vitale & Associates' complaint is that "Lowden, either directly or through an agent, entered into a contract for services" with Vitale & Associates under the terms of which Lowden is currently obligated to repay $77,796.88. (*Id*. at ¶¶ 6, 9).

Discovery is now underway. Vitale & Associates are requesting additional time to respond to Lowden's written discovery and an order compelling Lowden's former campaign-accountant and treasurer, nonparty Robert Beers, to produce Defendant "Sue Lowden of US Senate's" financial records. (*See* Mot. to Compel #28); (Mot. to Extend Time #38).

In August 2013, Plaintiff's counsel, John Head, contacted Beers to obtain the campaign's financial records. (Beers Decl. (#35-1) at ¶ 9). Beers agreed to assist Head with his request; but Beers informed Head that he would need time to locate the relevant files. (*Id*. ¶ 10). Two years had elapsed since the campaign disbanded, and Beers had since been elected to the Las Vegas City Council. (*Id*. at ¶¶ 8, 10).

On September 19, 2013, Beers and Head agreed to schedule Beer's informal deposition and document production for October 23 or 24, 2013. (*Id*. at ¶ 12). Nonetheless, on September 30, 3013, Head served Beers with a subpoena that noticed the deposition for October 16, 2013. (Mot. to Compel (#28) at 1). Beers immediately called Head. (Beers Decl. (#35-1) at ¶ 15). Beers informed Head that he is unavailable to meet on October 16 because—as Beers had previously stated—the Las Vegas City Council convenes on Wednesdays. (*Id*. at ¶ 17). October 16, 2013 was a Wednesday.[3] Beers further stated that the documents were ready to be delivered and that Beers was just waiting for appropriate instructions. (*Id*. at ¶ 18).

---

[3] *See* CITY OF LAS VEGAS, MEETINGS & AGENDAS 2013, http://www.lasvegasnevada.gov/ Find/Oct2013.asp. *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (stating that it is appropriate for courts to take judicial notice of facts contained in governmental websites).

Head never responded. (*Id*. at ¶ 16). Instead, on October 15, 2013, he flew from Colorado to Nevada for the deposition. The next morning, Head convened the deposition at 9:00 a.m., waited eleven minutes, and stated on the record: "Mr. Beers has not appeared and so I traveled here from Denver for this deposition and I'm disappointed that he didn't show up." (Beers Depo. (#28-7) at 3:3, 3:9–11).

On October 17, 2013, Head threatened Beers, stating that Beers disobeyed a valid subpoena and should be held in "contempt." (Beers Decl. (#35-1) at ¶ 20). Head, however, did not tell Beers where or when Beers could produce the requested documents so that Beers could comply with the subpoena.[4] (*Id*. ¶ 20).

On December 13, 2013, Lowden served Vitale & Associates with her first set of interrogatories, requests for production of documents, and requests for admissions. (Def.'s Opp'n (#39) at 2:7–10). The documents were hand delivered to Vitale & Associates' local counsel in Las Vegas. (*Id*.) Although answers were due on Monday, January 13, 2014, Vitale & Associates never responded.

On December 16, 2013, Head filed the instant motion to compel, which requests sanctions and costs for Beer's alleged failure to appear at the deposition. (Mot. to Compel (#25) at 6). On December 26, 2013, Beers delivered three boxes of financial records to Head's office. (*Id*. at ¶ 22). On January 9, 2014, Beer hired counsel, which sent Head a letter confirming a phone call in which both parties agreed that Beers fully complied with Head's subpoena. (Letter (#35-1) at 1).

On January 21, 2014, Vitale & Associates filed the instant motion to extend time to answer Lowden's discovery requests. (Mot. to Extend #38).

---

[4] According to the Colorado Supreme Court's records, at least two disciplinary actions have been commenced against Head. *See* COLORADO SUPREME COURT, ATTORNEY INFORMATION SEARCH, http://www.coloradosupremecourt.com/search/attsearch.asp; (*see also* Pl.'s Mot. to Disqualify (#34) at 2:18) (stating that Head has committed "twelve separate ethical violations within the past five years").

3

**DISCUSSION**

Vitale & Associates' motions present three questions: (1) whether Beers should be ordered to show cause for allegedly failing to comply with Head's subpoena; (2) whether Vitale & Associates' failure to answer Lowden's written discovery was the result of "excusable neglect;" and (3) whether Head should be disqualified for *pro hac vice* representation for concealing his disciplinary history from the court. Each is discussed below.

**I.      Vitale & Associates' Motion to Show Cause is Meritless**

Vitale & Associates' motion to show cause is legally and factually meritless for six reasons. First, Vitale & Associates failed to certify that it made a "good faith" attempt to meet and confer with Beers. Under Federal Rule of Civil Procedure 37(a)(1) and Local Rule 26-7(b), "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action." LR 26-7(b); *see also* FED. R. CIV. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.").

It is axiomatic that failing to comply with Rule 37's certification requirement or Local Rule 26-7(b) warrants the denial of the motion. *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 172 (D. Nev. 1996). The purpose of this rule is "to engage in two-way communication with the [opposing] party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *Id*. at 171. Here, Head appears to have intentionally avoided a "meaningful" discussion.

Second, nonparties like Beers are generally not sanctioned for failure to comply with a subpoena in the absence of an enforcement order. FED. R. CIV. P. 45(g), Advisory Committee Notes, 2013

Amendments ("In civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena. . ."). Here, no enforcement order exists.

Third, Vitale & Associates' motion is moot. Mootness is a prudential doctrine that limits the court's review to live disputes. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180 (2000); *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003). Because Beers complied with the subpoena on December 26, 2013, Vitale & Associates' motion is moot and should have been withdrawn. *See* FED. R. CIV. P. 1 (instructing counsel to construe the rules to secure, *inter alia*, "the speedy, and inexpensive determination of every . . . proceeding").

Fourth, Vitale & Associates created Beers' noncompliance with the subpoena. On September 19, 2013, Beers and Head agreed to schedule Beer's deposition and informal document production for October 23 or 24, 2013. (Beers Decl. (#35-1) at ¶ 12). On September 30, 3013, Head served Beers with a subpoena that noticed the deposition for October 16, 2013. (Mot. to Compel (#28) at 1). Beers immediately called Head. (Beers Decl. (#35-1) at ¶ 15). Beers informed Head that he is unavailable to meet on October 16 because—as Beers had previously stated—the Las Vegas City Council convenes on Wednesdays. (*Id.* at ¶ 17). Nonetheless, Head appeared for the deposition on October 16, 2013. (Beers Depo. (#28-7) at 3:3, 3:9–11).

Fifth, the motion appears to have been filed in bad faith and in violation of Federal Rule of Civil Procedure 11(b)(1). Rule 11(b)(1) provides that by "presenting to the court a . . . written motion" an attorney certifies that the motion is not being presented "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." FED. R. CIV. P. 11(b)(1). Beers repeatedly told Head that Beers could not appear for a deposition on October 16 because Beers was required to attend a biweekly Las Vegas City Council meeting. Head disregarded Beers' scheduling conflict, appeared for the deposition, waited eleven minuets for Beers to appear, threatened Beers with

contempt, and then filed the instant motion. This violated Rule 11.

Sixth, Vitale & Associates did not file a reply to rebut Beers' response. The purpose of a reply brief is to rebut the nonmovant's response. *See, e.g.*, LR 7-2(d); *see also United States v. Campbell*, 279 F.3d 392 (6th Cir. 2002). Here, Beers' response rebutted Vitale & Associates' motion, factually and legally. Vitale & Associates' failure to reply to Beers' response conveys a lack of conviction in the merits of its motion. In comparable circumstances, failing to attempt to rebut an argument constitutes consent to the argument as a matter of law. *See, e.g.*, Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion.").

As a result, Vitale & Associates' motion is denied.

## II.     Vitale & Associates' Motion to Extend Time is Denied

Vitale & Associates' motion to extend time to respond to Lowden's written discovery is also denied because Vitale & Associates did not argue that their failure to answer Lowden's discovery requests was caused by "excusable neglect."

On December 13, 2013, Lowden served Vitale & Associates with Lowden's first set of interrogatories, requests for production of documents, and admissions. (*See, e.g.*, Receipt of Copy & Bill of Lading #38-4). Lowden's discovery was hand delivered to Vitale & Associates' local counsel, which means that Vitale & Associates' answers were due on January 13, 2014. (*Id.*); *see also* FED. R. CIV. P. 33(b)(2), 34(b)(2)(A), 36(a)(3). Vitale & Associates never responded. Instead, on January 21, 2014, Vitale & Associates filed the instant motion to extend time.

Federal Rules of Civil Procedure 33(b)(2), 34(b)(2)(A), and 36(a)(3) govern the time to respond to written discovery requests. Each rule provides that the time to respond is "within 30 days after being served." *Id*. Under Rule 6(d), "three additional days are added after the period would otherwise expire"

if the discovery requests were served (1) by mail, (2) on the clerk of court, (3) electronically, or (4) by other means. FED. R. CIV. P. 6(d) (citing FED. R. CIV. P. 5(b)(2)(C)–(F)). Additional days are not added where, as here, discovery requests are hand delivered. *See* FED. R. CIV. P. 6(d).

If the responding party does not meet these deadlines, Rule 6(b)(1)(B) provides that the court may extend the time "if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). When determining whether a party's failure to meet a deadline constitutes "excusable neglect," courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

After considering these factors, the court finds that Vitale & Associates' neglect is not excusable. The court is particularly persuaded by the third and fourth factors. Regarding the third factor, Vitale & Associates' reason for the delay is inexcusable as a matter of law. Vitale & Associates argue that they did not respond to Lowden's discovery because they were unaware that local counsel had been served. This is inexcusable. *See* Local Rule IA 10-2(d) ("[A]ny attorney who is granted permission to practice pursuant to this Rule shall associate a resident member of the Bar of this Court as co-counsel. The attorneys shall confirm the association by filing a completed designation of resident counsel on the form provided by the Clerk."); *see also* RESTATEMENT (THIRD) OF AGENCY § 5.03 (2006) (discussing the imputation of knowledge among agents and principals).

Regarding the fourth factor, the court has reason to believe that Vitale & Associates has not been proceeding in good faith for three reasons. First, as discussed above, Vitale & Associates violated Rule 11. (*See supra* § I ¶ 6). Second, Vitale & Associates concealed from the court that John Head was suspended from practice by the Colorado Supreme Court. Third, Vitale & Associates failed to file timely

7

a reply to Lowden's response. This conveys neglect; it does not excuse neglect.

Vitale & Associates' motion to extend time is denied.

### III.     John F. Head should be Disqualified from *Pro Hac Vice* Representation

Vitale & Associates' lead counsel, John Head, should be disqualified from *pro hac vice* representation for three reasons. First, as discussed above, Head violated Rule 11(b)(1). (*See supra* § I ¶ 6) (beginning with "Fifth, the motion appears to have been filed in bad faith and in violation of Federal Rule of Civil Procedure 11(b)(1)").

Second, Head violated the Local Rules. Local Rule IA 10-7 governs the ethical standards for attorneys appearing in the District of Nevada *pro hac vice*. In pertinent part, Local Rule IA 10-7(e) provides that "[o]n being subjected to professional disciplinary action . . . in Nevada or in another jurisdiction, an attorney admitted to practice pursuant to any of these Rules shall immediately inform the Clerk in writing of the action." A review of the Colorado Supreme Court's website indicates that Head has been disciplined at least twice. Additionally, Lowden has provided evidence that Head has committed twelve separate ethical violations within the past five years. (Pl.'s Mot. to Disqualify (#34) at 2:18). These were not disclosed to the court pursuant to Rule IA 10-7(e).

Third, Head failed to oppose Lowden's motion to disqualify. Under Local Rule 7-2(d), this constitutes consent to the motion. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."). In this case, consent to Lowden's motion also constitutes consent to an ethical violation as a matter of law. *Id*.

As a result, Head should be disqualified from *pro hac vice* representation.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Vitale & Associates' motion for order to show cause (#28) is DENIED.

IT IS FURTHER ORDERED that Vitale & Associates' motion to extend time (#38) is DENIED.

IT IS FURTHER ORDERED that the court's March 24, 2014 hearing (#45) is VACATED.

IT IS FURTHER RECOMMENDED that Lowden's motion to disqualify John Head, Esq. from *pro hac vice* representation be GRANTED.

DATED this 3rd day of February, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE