**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| VITALE & ASSOCIATES, LLC, | |
| Plaintiff, | 2:12–cv–1400–JAD–VCF |
| vs. | **ORDER** |
| SUE LOWDEN, *et al.*, | |
| Defendants. | |

This matter involves Vitale & Associates' action against former U.S. Senate candidate Sue Lowden for unpaid campaign expenses. (Amend. Compl. #12) at 2[1]). Before the court is Nonparty Robert Beers' Rule 37(a)(5)(B) motion for attorney's fees and costs (#51). Vitale & Associates filed a response (#63); and Beers did not reply. For the reasons stated below, Beers' motion is granted.

**BACKGROUND**

Beers' motion requests attorney's fees and costs incurred in defending against Vitale & Associates' motion to compel (#28). For purposes of deciding Beers' motion, the relevant facts include: (1) the allegations in Vitale & Associates' complaint; (2) the circumstances leading up to Vitale & Associates' motion to compel; and (3) the court's resolution of Vitale & Associates' motion to compel. Each is discussed below.

**I.    Vitale & Associates' Allegations**

On June 8, 2010, former Nevada State Senator Sue Lowden was defeated by Sharron Angle in the Republican primary for United States Senate. (Beers Decl. (#35-1) at ¶ 7). On August 8, 2012, Vitale & Associates commenced a breach of contract action against Lowden. (*See* Compl. (#1) at 2:14);

---
[1] Parenthetical citations refer to the court's docket.

(Amend. Compl. (#12) at 2). The essence of Vitale & Associates' complaint is that "Lowden, either directly or through an agent, entered into a contract for services" with Vitale & Associates under the terms of which Lowden is currently obligated to pay Vitale & Associates $77,796.88. (*Id*. at ¶¶ 6, 9).

## II.     **Vitale & Associates' Motion to Compel**

Discovery is underway; but it has been strained. In August 2013, Plaintiff's counsel, John Head, contacted Beers to obtain the campaign's financial records. (Beers Decl. (#35-1) at ¶ 9). Beers agreed to assist Head with his request; but Beers informed Head that he would need time to locate the relevant files. (*Id*. ¶ 10). Two years had elapsed since the campaign disbanded, and Beers had since been elected to the Las Vegas City Council. (*Id*. at ¶¶ 8, 10).

On September 19, 2013, Beers and Head agreed to schedule Beer's informal deposition and document production for October 23 or 24, 2013. (*Id*. at ¶ 12); (*see also* Email (#63-4) at 1). Nonetheless, on September 30, 3013, Head served Beers with a subpoena that noticed the deposition for October 16, 2013. (Pl.'s Mot. to Compel (#28) at 1). Beers immediately called Head. (Beers Decl. (#35-1) at ¶ 15). Beers informed Head that he is unavailable to meet on October 16 because—as Beers had previously stated—the Las Vegas City Council convenes on Wednesdays. (*Id*. at ¶ 17); (*see also* Sept. 17, 2013, Email (#63-5) at 2) (notifying Head, on a prior occasion, that Beers attends city council meetings because Beers is a Councilmember). October 16, 2013 was a Wednesday.[2] Beers further stated that the documents were ready to be delivered and that Beers was just waiting for appropriate instructions. (Beers Decl. (#35-1) at ¶ 18).

Head never responded. (*Id*. at ¶ 16). Instead, on October 15, 2013, he flew from Colorado to Nevada for the deposition. The next morning, Head convened the deposition at 9:00 a.m., waited eleven

---

[2] *See* CITY OF LAS VEGAS, MEETINGS & AGENDAS 2013, http://www.lasvegasnevada.gov/ Find/Oct2013.asp. *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (stating that it is appropriate for courts to take judicial notice of facts contained in governmental websites).

minutes, and stated on the record: "Mr. Beers has not appeared and so I traveled here from Denver for this deposition and I'm disappointed that he didn't show up." (Beers Depo. (#28-7) at 3:3, 3:9–11).

On October 17, 2013, Head threatened Beers, stating that Beers disobeyed a valid subpoena and should be held in "contempt." (Beers Decl. (#35-1) at ¶ 20). Head, however, did not tell Beers where or when Beers could produce the requested documents so that Beers could comply with the subpoena.[3] (*Id.* ¶ 20).

On December 16, 2013, Head filed a motion to compel, which requested sanctions and costs for Beer's alleged failure to appear at the deposition. (*See* Pl.'s Mot. to Compel (#28) at 6). On December 26, 2013, Beers delivered three boxes of financial records to Head's office. (Beers Decl. (#35-1) at ¶ 22). On January 9, 2014, Beer hired counsel, which sent Head a letter confirming a phone call in which both parties agreed that Beers fully complied with Head's subpoena. (Letter (#35-1) at 1).

### III. The Court's Resolution of Vitale & Associates' Motion to Compel

On February 3, 2014, the court denied the motion to compel in its entirety. In so doing, the court held that Head's motion to compel was meritless for six reasons: (1) Head did not comply with Rule 37's certification requirement; (2) nonparties, like Beers, generally are not sanctioned absent an enforcement order; (3) the motion was moot because Beers had already produced all responsive documents; (4) Head created Beers' noncompliance with the subpoena by issuing a subpoena date Head knew or should have known Beers could not accommodate; (5) the motion appeared to have violated Rule 11(b)(1); and (6) Head failed to file a reply to rebut Beer's response, which indicated that Head conceded to Beer's version of the facts.

---

[3] According to the Colorado Supreme Court's records, at least two disciplinary actions have been commenced against Head. *See* COLORADO SUPREME COURT, ATTORNEY INFORMATION SEARCH, http://www.coloradosupremecourt.com/search/attsearch.asp; (*see also* Pl.'s Mot. to Disqualify (#34) at 2:18) (stating that Head has committed "twelve separate ethical violations within the past five years").

Now, Beers moves for an award of attorney's fees and costs associated with Beers' defense against Head's motion. (*See* Beers' Atty. Fees Mot. #51). In response, Head argues that fees and costs should not be imposed because (1) Beers' version of the facts is untrue, (2) Head's motion to compel was meritorious, and (3) the American Rule requires each party to bear its own fees and costs. (*See* Pl.'s Opp'n (#63) at 2 ,6, 8).

**DISCUSSION**

Our legal system generally requires each party to bear its own litigation expenses, including attorney's fees whether she wins or loses. This principle is so firmly entrenched that it is known as the "American Rule." *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). Congress has authorized courts to deviate from this rule only in limited circumstances. Here, Beers cites three statutory provisions as possible bases for deviating from the American Rule: Federal Rule of Civil Procedure 11(b)(1), Nevada Revised Statute section 18.010(2)(b), and Federal Rule of Civil Procedure 37(a)(5)(B). Before considering whether Vitale & Associates violated any of these provisions, the court begins its analysis by determining which provision governs here.

Beers' first basis for an award of fees and costs is Rule 11(b)(1). (*See* Beers' Atty. Fees Mot. (#51) at 7–10). Rule 11(b)(1) states that by "presenting to the court a . . . written motion" an attorney certifies that the motion is not being presented "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." FED. R. CIV. P. 11(b)(1). If the court determines that this rule was violated, the court "may impose an appropriate sanction on any attorney . . . that violated the rule or is responsible for the violation. FED. R. CIV. P. 11(c). On February 3, 2014, the court denied the motion to compel and held, *inter alia*, that the motion appeared to have violated Rule 11(b)(1). Although Head's motion certainly appears to have been filed in bad faith, Rule 11(d)

4

states that Rule 11 is inapplicable to discovery motions under Rules 26 through 37. Therefore, Rule 11 does not govern the court's inquiry into Beers' motion for attorney's fees and costs.

Beers advances a second basis for an award of attorney's fees and costs: Nevada Revised Statute section 18.010(2)(b). (*See* Beers' Atty. Fees Mot. (#51) at 7–10). Section 18.010(2)(b) permits an award of attorney's fees when a claim or defense "was brought or maintained without reasonable ground or to harass the prevailing party." NEV. REV. STAT. § 18.010(2)(b). This section is to be liberally construed in order to "punish . . . and deter frivolous or vexations claims." *Id.*; *see also Simonian v. Univ. & Cmty. Coll. Sys.*, 122 Nev. 187, 196, 128 P.3d. 1057, 1063–65 (2006); *Allianz Ins. Co. v. Gagnon*, 109 Nev. 990, 995–96, 860 P.2d (1993) 720, 724. (citation omitted). Section 18.010(2)(b) does not apply here because Beers' request for expenses arises from a frivolous motion to compel, not a frivolous claim.

Beers' third basis for an award of fees and costs is Federal Rule of Civil Procedure 37(a)(5)(B). This provision controls. Rule 37(a)(5)(B) provides that "[i]f the motion [to compel] is denied, the court . . . **must**, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(B) (emphasis added). Rule 37(a)'s Advisory Committee Notes emphasize that "expenses should ordinarily be awarded unless a court finds that the losing party acted justifiably in carrying this point to court." *Id*. Advisory Comm. Notes, 1970 Amend. This provision "presses the court to address itself to abusive [discovery] practices." *Id*.

An award of expenses is inappropriate if: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's non-disclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust. FED. R. CIV. P. 37(a)(5)(A)(i–iii), 37(a)(5)(B). The burden is on the losing party to affirmatively demonstrate that its discovery conduct was substantially justified. FED. R. CIV. P. 37(a),

Advisory Comm. Notes, 1970 Amend. Discovery conduct is "substantially justified if it is a response to a 'genuine dispute or if reasonable people could differ as to the appropriateness of the contested action.'" *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

Here, Vitale & Associates failed to affirmatively demonstrate that its discovery conduct was substantially justified or that other circumstances make an award of expenses unjust. Vitale & Associates argue that fees and costs should not be imposed because (1) Beers' version of the facts is untrue, (2) Vitale & Associates' motion to compel was meritorious, and (3) the American Rule requires each party to bear its own fees and costs. (*See* Pl.'s Opp'n (#63) at 2 ,6, 8). These arguments are unpersuasive.

First, Vitale & Associates argue that fees and costs should not be imposed because Beers' version of the facts is untrue. (*See* Pl.'s Opp'n (#63) at 2). This issue has already been litigated. The issue raised by this motion is whether Vitale & Associates should be ordered to pay Beers' expenses under Rule 37(a)(5)(B). The issue is not whether Beers or Vitale & Associates' version of the facts underlying the prior motion to compel is true.

As stated in the court's prior order, Vitale & Associates failed file a reply to rebut Beers' response to the motion to compel. (*See* Order (#47) at 6:2–10). The purpose of a reply brief is to rebut the nonmovant's response. *See, e.g.*, LR 7-2(d); *see also United States v. Campbell*, 279 F.3d 392 (6th Cir. 2002). When litigating Vitale & Associates' motion to compel, Beers' response rebutted Vitale & Associates' version of the facts. However, Vitale & Associates failed to file a reply to Beers' response. As stated in the court's prior order, this demonstrated a lack of conviction in the facts underlying Vitale & Associates' motion.

Now, Vitale & Associates argues that the court should reconsider the factual basis on which it denied the motion to compel. Courts are loathe to revisit their own decisions unless extraordinary

6

circumstances show that its prior decision was clearly erroneous or would work a manifest injustice. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988). Here, Vitale & Associates did not provide any evidence demonstrating that the court's prior factual findings were clearly erroneous or manifestly unjust.

Vitale & Associates' second argument—(i.e., that the motion to compel was meritorious)—fails as a matter of law. On February 3, 2014, the court held that the motion was meritless for six reasons. Pursuant Local Rule IB 3-1, Vitale & Associates had fourteen days to object to the court's order that the motion was meritless. Vitale & Associates failed to object. As a result, the court's conclusion that Vitale & Associates' motion was meritless is the current binding law of the case. *Christianson*, 486 U.S. at 816; *see also United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) ("[A] court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case."). Therefore, Vitale & Associates' argument that its motion to compel was meritorious fails as a matter of law.

Vitale & Associates' third argument also fails as a matter of law. Vitale & Associates contends that there are only three exceptions to the American Rule. In support, Vitale & Associates cites a Ninth Circuit case, *Perry v. O'Donnell*, 759 F.2d 702, 704 (9th Cir. 1985). As a matter of constitutional law, it is unnecessary for the court to even consider Vitale & Associates' cited authority because the Federal Rules of Civil procedure, which are an act of Congress, trump Ninth Circuit decisions, unless the Ninth Circuit decision is interpreting the relevant act of Congress. Here, Vitale & Associates' cited authority, *Perry v. O'Donnell*, does not mention Rule 37(a)(5). Therefore, Rule 37(a)(5)'s plain language—which authorizes the court to award attorney's fees—controls.[4]

---

[4] Vitale & Associates' citation to *Perry v. O'Donnell* is inapposite for two additional reasons. First, *Perry v. O'Donnell* discusses awards of attorney's fees and costs in the context of an entire action, not a discrete motion.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Nonparty Beers' motion for attorney's fees and costs (#51) is GRANTED.

IT IS FURTHER ORDERED that Nonparty Beers must file an AFFIDAVIT detailing the costs incurred in response to Vitale & Associates' motion to compel no later than May 16, 2014.

IT IS FURTHER ORDERED that Vitale & Associates may file a RESPONSE to Beers' affidavit by May 27, 2014. No replies will be considered. An additional written order will follow.

IT IS SO ORDERED.

DATED this 2nd day of May, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

Second, *Perry v. O'Donnell* only discusses the judicial executions to the American Rule that have evolved through case law. It does not discuss the several statutory exceptions to the American Rule.