# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Vitale & Associates,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>Sue Lowden et al.,<br><br>　　　　Defendants | Case No.: 2:12-cv-01400-JAD-VCF<br><br>**Order**<br>**Granting Motion to Disqualify [Doc. 34],**<br>**Adopting Report and**<br>**Recommendation [Doc. 47], and**<br>**Denying Request for Relief**<br>**under Special Order 109 [Doc. 56]** |

  This breach-of-contract action arises from defendant Sue Lowden's alleged failure to pay expenses, associated with her former United States Senate campaign, to plaintiff Vitale & Associates. On December 31, 2013, Lowden brought a motion to disqualify Vitale attorney John Head from pro hac vice representation.[1] Head responded late—33 days later—on February 2, 2014.[2] Magistrate Judge Cam Ferenbach recommended granting the disqualification motion in his report and recommendation entered February 3, 2014.[3] Lowden filed notice of Head's failure to timely object on March 4, 2014.[4] Head then moved for relief under the District of Nevada's Special Order

---

[1] Doc. 34.

[2] Doc. 43.

[3] Docs. 34, 47.

[4] Doc. 55.

109 on March 6, 2014.[5]  Lowden timely responded, and Head timely replied.[6]  Having considered the record and relevant law, I adopt Judge Ferenbach's recommendation, grant the motion to disqualify, and deny Head's motion for relief.

## Discussion

**A.  Judge Ferenbach's Report and Recommendation and Lowden's Motion to Disqualify [Docs. 34, 61]**

"[N]o review is required of a magistrate judge's report and recommendation unless objections are filed."[7]  Plaintiff did not timely object and, in fact, has filed no objections.  The Court nonetheless reviews Judge Ferebach's Report and Recommendation and finds it properly reasoned.

First, the Court agrees with and adopts Judge Ferenbach's finding that Head's motion for order to show cause was filed in bad faith and in violation of Federal Rule of Civil Procedure 11(b)(1), given Head's disregard for the scheduling conflict of which Robert Beers notified Head in advance.[8]  Second, the ethical rules found in Local Rule IA 10-7(c) and (e) require pro-hac-vice attorneys to "immediately inform" this Court when they are "subjected to professional disciplinary action" in any jurisdiction.  Head failed to give the Court any notification whatsoever that he was disciplined by the Colorado Supreme Court on July 20, 2010 (before this case was filed) or on July 31, 2013 (after this case was filed).[9]  Finally, Head's failure to timely oppose Lowden's motion for disqualification "constitute[s] a consent to the granting of the motion" under Local Rule 7-2(d).

---

[5] Doc. 56.

[6] Docs. 61, 64.

[7] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003).  *See also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[8] Doc. 28; Doc. 47 at 5–6, 8.

[9] *Compare* Doc. 2 (pro-hac-vice petition notifying the District of Nevada of public censure by Colorado Supreme Court on September 7, 2011), *with* Doc. 34-1 (Colorado Supreme Court order imposing sanctions on July 20, 2010) *and* Doc. 34-2 (Colorado Supreme Court order imposing sanctions on July 31, 2013).  Judge Ferenbach also writes that "Lowden has provided evidence that Head has committed twelve separate ethical violations within the past five years."  Doc. 47 at 8 (citing Doc. 34 at 2).

2

Good cause appearing, I thus adopt Judge Ferenbach's recommendation and grant Lowden's motion to disqualify Head from pro-hac-vice representation in this case.[10]

**B.    Head's Request for Relief under Special Order 109 (Doc. 56)**

Federal Rule of Civil Procedure 6(b) provides that courts may extend deadlines for (1) good cause shown and (2) "on motion made after the time has expired if the party failed to act because of excusable neglect." In applying this rule, the Supreme Court has established that an extension may be granted based on (1) prejudice to the opposing party; (2) the length of delay and its potential impact on judicial proceedings; (3) the causes for the delay, including whether those reasons were within the moving party's reasonable control; and (4) the moving party's good faith.[11] Though excusable neglect need not be entirely within the moving party's control, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect."[12]

Federal Rule of Civil Procedure 72(a) grants parties 14 days to object to a magistrate judge's report and recommendation. Plaintiff voluntarily consents to adding three days for mailed service under Rule 6(d).[13] Judge Ferenbach's report was entered February 3, 2014,[14] giving Head until February 20, 2014, to file any objections. Two days after Lowden brought notice of Head's failure to timely object, Head filed a request for relief under this district's Special Order 109, which

---

[10] To the best of my knowledge, the stay on Head's suspension from practicing in the state of Colorado remains in effect. *See* Doc. 34-4 (Colorado Supreme Court order granting Head's request for stay pending appeal). The District of Nevada's Local Rule IA10-7(b)(1), which provides for reciprocal suspension of attorneys appearing pro hac vice, therefore is not implicated at this time.

[11] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380. 395 (1993); *Stiller v. Costco Wholesale Corp.*, 3:09–CV–2473–GPC–BGS, 2013 WL 5417178, at *2–3 (S.D. Cal. Sept. 26, 2013).

[12] *Pioneer*, 507 U.S. at 392.

[13] Vitale attorney Cynthia Callendar, whom Lowden appears to confuse with interested-party Robert Beers's counsel Deanna Forbush, notified of her non-compliance with Special Order 109 on December 20, 2013. Doc. 30. This district's Special Order 109 mandates attorney participation in the electronic filing system effective January 1, 2006. Based on this notice of non-compliance, Lowden adds three days for mailed service to Ms. Forbush. Doc. 55 at 2.

[14] Docs. 34, 47.

requires attorneys to register for the district's electronic filing system.[15] The motion asks the Court to extend Head's deadline because he allegedly never received email notification of the February 3 report and recommendation.[16] Section IX of Special Order 109, on which Head specifically relies, provides that "[a] Filing User whose filing is made untimely as the result of a technical failure may seek appropriate relief from the court."[17] No specific deadline was requested. In addition, Head did not attach any objections to Judge Ferenbach's report—and he waited until May 16, 2014, to file his objections.[18] Because Head's objections are almost four months late, I do not consider them.

The technical-report exhibits that Head attached to his request for relief state that notice of Judge Ferenabach's report was a "Message Successfully delivered to jfhead@headlawyers.com," that Head was "able to receive mail" from the District during the time at issue, and that "it is a possibility that the message could have been deleted."[19] In addition, Head admitted to actual notice of "[t]he fact that a Report had been issued" on January 14, 2014, when Judge Ferenbach denied Head's motion for extension of time to respond to Lowden's motion to disqualify him.[20]

Given that the technical reports indicate a likelihood that Head did in fact receive (and then deleted) the electronic notification of Judge Ferenbach's recommendation, I do not find excusable neglect. I also find it significant that Head admitted to actual knowledge—6 days before the Rule 72 deadline for objecting and 141 days before this order—of the recommendation to grant Lowden's motion to disqualify. Relief is inappropriate under Rule 6(b) and Special Order 109 because of the length of delay in judicial proceedings; the causes for delay that were in Head's reasonable control;

---

[15] Docs. 55–56.

[16] Doc. 56 at 3–4.

[17] Doc. 56 at 1,

[18] Doc. 83. Interested party Robert Beers responded to the objections on May 27, 2014. Doc. 85.

[19] Doc. 56-1 at 1; Doc. 56-2 at 1.

[20] Doc. 56 at 3 (referencing Doc. 50).

4

and his lack of good faith in not only missing the objection deadline, but also in failing to file even proposed objections. Accordingly, Head's request for relief is denied.

### Conclusion

Accordingly, and with good cause appearing,

**IT IS HEREBY ORDERED** that Judge Ferenbach's Report and Recommendation **[Doc. 47] is ADOPTED**.

**IT IS FURTHER ORDERED** that Sue Lowden's Motion to Disqualify John Head, Esq., from Pro Hac Vice Representation **[Doc. 34] is GRANTED**. The Court **DISQUALIFIES** Head from pro-hac-vice status in this case.

**IT IS FURTHER ORDERED** that John Head's Request for Relief under Special Order 109 **[Doc. 56] is DENIED**.

DATED June 4, 2014.

_____
Jennifer A. Dorsey
United States District Judge

5