# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Vitale & Associates, LLC,<br><br>    Plaintiff<br><br>    v.<br><br>Sue Lowden, et al.,<br><br>    Defendants | Case No.: 2:12-cv-1400-JAD-VCF<br><br>**Order re: Plaintiff's Motion for Leave to Tender Substitute Affidavit [Doc. 71] and Defendant's Motion to Strike Response to Motion for Summary Judgment [Doc. 73]** |

       This breach of contract action stems from Sue Lowden's failed 2010 bid to be the Republican party's candidate for one of Nevada's U.S. Senate seats.  Consulting firm Vitale & Associates claims that Lowden personally hired it to perform polling and research work for her campaign, or in the alternative that she personally guaranteed her campaign's debts. *See* Doc. 12 at 2-3.  Lowden answered the complaint and filed a motion for summary judgment on all of Vitale's claims against her.  Docs. 13, 54.  Vitale opposed the motion, Doc. 62, and Lowden filed two documents in response: a 14-page reply and a separate 9-page "objection" to Vitale's supporting evidence in its opposition.  Docs. 67, 68.

       When Vitale responded to the objection, Doc. 70, Lowden moved to strike the response as an unauthorized filing, Doc. 73, and Vitale also seeks leave to submit a revised affidavit from Robert Uithoven, which would substitute the one attached to Vitale's opposition that Lowden claims is defective.  Doc. 71.  Lowden opposes the request to swap

out the affidavit as "litigation abuse." Doc. 72.

Far too much time, paper, money, and digital storage space have been wasted on these exchanges. Neither Lowden nor Vitale has perfectly complied with summary-judgment-procedure rules. If Lowden had "objections" to Vitale's opposition evidence, she should have raised those objections within her singular reply brief—a brief that was limited to 20 pages. L.R. 7-4. But by separating out her objections into an additional document, she effectively expanded her reply points to 23 pages. And Vitale should not have submitted an unsigned, unnotarized affidavit as a place holder while waiting for the real one from Uithoven. The Court had already given Vitale an extension of time to prepare its opposition, and tactics like these—when accommodations have already been made—are particularly disfavored.

But the Court's strong preference is to decide cases on their merits whenever possible. Scatter-shot filings like those surrounding this summary judgment motion frustrate that goal. To streamline this summary judgment package and eliminate distractions and the need to hunt through the docket to marshal relevant filings, **the Court orders as follows**:

1. Vitale shall re-file its response to Lowden's Motion for Summary Judgment, substituting the new Uithoven affidavit for the previous one, by June 20, 2014. No other changes to the opposition are authorized;

2. Lowden will then have 14 days to file a reply to Vitale's response. The reply shall include and incorporate into its arguments any objections to Vitale's evidentiary support; no separate objection document shall be filed.

3. No further briefing on the summary judgment issues will be permitted. When deciding the motion for summary judgment, the Court will consider only the motion, Vitale's (forthcoming) response, and Lowden's (forthcoming) reply. Lowden's objections (Doc. 67) and Vitale's response to them (Doc. 70) will be disregarded.

4. Plaintiff's Motion for Leave to Tender Substitute Affidavit in Opposition **(Doc. 71) is therefore GRANTED**;

5. Defendant Lowden's Motion to Strike the Response to Her Objections **(Doc. 73) is DENIED** as moot in light of this ruling.

DATED: June 16, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE