# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Vitale & Associates, LLC, | Case No.: 2:12-cv-1400-JAD-VCF |
| Plaintiff | |
| v. | **Order Denying Plaintiff's Motion for Judgment on the Pleadings [Doc. 18]** |
| Sue Lowden, et al., | |
| Defendants | |

This breach-of-contract action stems from Sue Lowden's failed 2010 campaign to win the Republican nomination for U.S. Senate. Vitale & Associates, a Colorado consulting firm, claims that it contracted with Lowden personally to perform polling and research work for the campaign, or in the alternative that Lowden personally guaranteed her campaign's debts. *See* Doc. 12 at 2-3.[1] Vitale's Amended Complaint also seeks a declaration that the Committee was never organized as an unincorporated nonprofit organization under NRS § 81.700 *et seq.*, and thus is not entitled to the protections of that statute. *Id.* at 3-4. Vitale requests a second declaratory judgment that because Lowden's Committee was underfunded and under Lowden's complete control, it served as her alter ego and cannot shield Lowden from personal liability for the debts it incurred. *Id.* at 4-5.

Vitale sued both Lowden and the Committee. Doc. 12. Lowden timely answered the complaint, Doc. 13, but the Committee did not. After the response deadline passed, Vitale secured a Clerk's Entry of Default against the Committee, Docs. 16, 17, and it now brings the instant motion for judgment on the pleadings, claiming that as a result of the default, the allegations in the complaint are now deemed admitted against that entity—including Vitale's allegation that the Committee was Lowden's alter ego. Doc. 18 at 3. By extension, Vitale claims that Lowden should be held personally liable for her Committee's debts. *See id.*

Lowden's relevant arguments in opposition boil down to the simple proposition that

---

[1] Vitale originally filed its action on August 8, 2012, and amended its Complaint on February 27, 2013.

Vitale's "motion for judgment on the pleadings" is better viewed as a motion for default judgment, which is both procedurally defective and which cannot be entered against a non-defaulted party in any case. Doc. 19 at 3-5. Vitale backpedals in its reply, limiting its motion to a request for declaratory relief that the Committee was not organized under the requirements of NRS § 81.700 "and against Defendant Sue Lowden for US Senate only." Doc. 20 at 3.

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[2] Numerous trial courts have concluded that where a party fails to timely answer the complaint, the pleadings are not "closed" for Rule 12(c) purposes, and "the proper course for the plaintiff is to move for a default judgment under [Rule] 55."[3] The Court agrees with this persuasive authority that Vitale's proper remedy against the Committee lies under Rule 55, not Rule 12(c), thus the Court will treat the motion instead as one for default judgment.

Rule 55 provides a mechanism for obtaining a default judgment against a party who has failed to plead or otherwise respond to claims brought against it. After clerk's entry of default, the movant must request a default judgment from the court under Rule 55(b)(2).[4] A district court has discretion to enter a judgment by default, which typically turns on the consideration of seven factors: (1) potential prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the amount of money at stake in the action; (5) the potential disputes as to material facts; (6) whether the default was due to excusable neglect; and (7) the strong federal policy favoring adjudications on the

---

[2] Fed. R. Civ. Proc. 12(c).

[3] *Tahara v. Matson Terminals, Inc.*, 2004 WL 3178065, at *2 (D. Haw. Sept. 13, 2004); *see, e.g.*, *Coca-Cola Bottling Co. v. Local Union 1035*, 973 F. Supp. 270, 272 & n.2 (D. Conn. 1997); *In re Villegas*, 132 B.R. 742, 745 (9th Cir. BAP 1991); *Poliquin v. Heckler*, 597 F. Supp. 1004, 1006 (D. Me. 1984).

[4] *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *Trustees of the Bricklayers & Allied Craftworkers Local 13 Defined Contribution Pension Trust for Southern Nevada v. Tumbleweed Development, Inc.*, 2013 WL 143378, at *2 (D. Nev. Jan. 11, 2013) (citing *Eitel*).

merits.[5] When applied to the facts of this case, these factors demonstrate that a default judgment is warranted.

Vitale's improperly styled motion does not consider any of the *Eitel* factors, except for the amount of money at stake—for which it has attached an affidavit from Todd Vitale claiming that Lowden racked up $77,796.88 in services from his company. *See* Doc. 18-1. This inadequate demonstration of the factors compels the court to decline to enter a default judgment against the Committee. Even if the *Eitel* factors had been briefed, a default judgment would be premature in this case. In *Frow v. De la Vega*,[6] the United States Supreme Court cautioned against entering a default against one defendant in a multi-defendant case in which joint liability theories are alleged and the other defendant has appeared. Vitale's alter ego allegations, Doc. 12, and the procedural posture make this precisely such a case.

**Conclusion**

IT IS HEREBY ORDERED that Vitale's Motion for Entry of Judgement on the Pleadings **[Doc. 18] is DENIED.**

DATED: August 7, 2014.

 _____
 JENNIFER A. DORSEY
 UNITED STATES DISTRICT JUDGE

---

[5] *See Eitel*, 782 F.2d at 1471-72.

[6] *Frow v. de la Vega,* 82 U.S. 552, 553 (1872); *see also In re First T.D. & Investment, Inc.*, 253 F.3d 520, 532 (9th Cir. 2001).

3