**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Vitale & Associates, LLC,<br><br>　　　　Plaintiff<br><br>　　　　v.<br><br>Sue Lowden, et al.,<br><br>　　　　Defendants | Case No.: 2:12-cv-1400-JAD-VCF<br><br>**Order re: Summary Judgment Proceedings [Docs. 54, 92, 95]** |

　　　This breach-of-contract action stems from Sue Lowden's unsuccessful 2010 bid to win the Republican nomination for U.S. Senate. Vitale & Associates, a Colorado consulting firm, claims that it contracted with Lowden personally to perform polling and research work for the campaign, or in the alternative that Lowden personally guaranteed her campaign's debts. *See* Doc. 12 at 2-3.[1] Vitale's amended complaint also seeks a declaration that the Campaign Committee was never organized as an unincorporated nonprofit organization under NRS 81.700 *et seq.*, and thus is not entitled to the protections of that statute. *Id.* at 3-4. Vitale requests a second declaratory judgment that, because the Campaign Committee was underfunded and under Lowden's complete control, it served as her alter ego and cannot shield Lowden from personal liability for the debts it incurred. *Id.* at 4-5.

　　　Lowden has moved for summary judgment on all claims, arguing that she never promised Vitale that she would pay the Campaign's debts. Vitale has experienced significant difficulties in filing its response to Lowden's motion, which the Court's attempt to preserve a ruling on the merits by permitting Vitale to re-file the response did not cure. Exercising its inherent authority to manage the course of litigation, the Court denies the motion for summary judgment without prejudice and with leave to refile and specific instructions regarding future briefing.

---

[1] Vitale originally filed its action on August 8, 2012, and amended its complaint on February 27, 2013.

**Discussion**

The summary judgment filings are, quite simply, a hot mess. Lowden originally moved for summary judgment on February 26, 2014. On March 6, 2014, Vitale moved for an extension of time to respond to the motion, claiming that he had a March 18, 2014, oral argument in another court. Doc. 58. The Court granted this request the next day, permitting Vitale until March 28, 2014, to file its response. Doc. 60. Vitale filed its response on March 28, 2014, Doc. 62, and Lowden filed a reply on April 14, 2014. Doc. 68. Also on that day, Lowden filed evidentiary objections to several of the documents Vitale submitted along with its response, including an affidavit of Robert Uithoven, which played a central evidentiary role in Vitale's response but which was technically defective as filed. *See* Doc. 67 at 1-2. On April 28, 2014, without leave of Court, Vitale filed a second "response" to the motion for summary judgment. Doc. 70. On the same day, Vitale sought leave to tender a substitute for Uithoven. Doc. 71.

On June 4, 2014, the Court adopted Magistrate Judge Ferenbach's report and recommendation disqualifying Vitale's prior counsel, John Head, from practicing *pro hac vice*, because Head had failed to disclose a number of ethical complaints filed against him in Colorado. Docs. 47, 86.[2] On June 16, 2014, over vigorous objection, the Court granted Vitale's limited request to tender Uithoven's supplemental affidavit. Doc. 87. In its order, the Court remarked that it "had already given Vitale an extension of time to prepare [an opposition to the motion to summary judgment], and tactics like these—when accommodations have already been made—are particularly disfavored." *Id.* at 2. The Court then specified that:

    1.    Vitale shall re-file its response to Lowden's Motion for Summary Judgment, substituting the new Uithoven affidavit for the previous one, by June 20, 2014. No other changes to the opposition are authorized;

    2.    Lowden will then have 14 days to file a reply to Vitale's response.

---

[2] At an earlier stage of this litigation, attorney's fees were imposed against Head in connection with its meritless motion to compel. Doc. 77. In his order granting fees, Judge Ferenbach aptly observed that the discovery process in the case had been "strained." *Id.* at 2.

2

> The reply shall include and incorporate into its arguments any objections to Vitale's evidentiary support; no separate objection document shall be filed.
>
> 3. No further briefing on the summary judgment issues will be permitted. When deciding the motion for summary judgment, the Court will consider only the motion, Vitale's (forthcoming) response, and Lowden's (forthcoming) reply. Lowden's objections (Doc. 67) and Vitale's response to them (Doc. 70) will be disregarded.

*Id.* On June 18, 2014, twelve days after the Court had disqualified Vitale's counsel from further participation in the case, Vitale's new counsel filed a petition to appear *pro hac vice*. Doc. 88. Then, on June 20, 2014, Vitale filed a third response to the motion for summary judgment. Doc. 89. The heading caption contained the names and addresses of three attorneys: Cynthia Callendar (Vitale's local counsel), the now-disqualified Head (introduced as "pro hac vice"), and Corey T. Zurbach (introduced as "pro hac vice admission pending."). Doc. 89. The response was signed by Zurbach. *Id.* at 14. There were no attachments to the filing.

On July 1, 2014, the Court granted Zurbach's petition to appear *pro hac vice*. Doc. 90. On July 7, 2014, Lowden filed a reply to Vitale's response, which pointed out, *inter alia*, that Vitale had failed to comply with the court's order by attaching its exhibits to the response. Doc. 91.

On July 15, 2014, Vitale moved to supplement its summary judgment response. Doc. 92.[3] In this filing, Zurbach represented to the court that he had been retained "just before" the summary judgment response was due, and had unsuccessfully attempted to obtain a stipulation for an extension of the response to the motion for summary judgment. Doc. 92 at 2. Zurbach also represented to the Court that the response to the motion for summary judgment "was filed by local counsel" at his direction, and that Zurbach "mistakenly believed that the exhibits had already been filed and therefore did not direct them to be refiled," and that "[t]his mistake did not become known until [he] reviewed Defendant's reply." *Id.* Zurbach claims that the Defendants will suffer "no prejudice" by permitting the

---

[3] Curiously, the formatting of the pleadings from both Vitale's current and former counsel are strikingly similar.

3

1 filing of the new exhibits, because "Defendant has been in possession of the brief and
2 exhibits since the Response was previously filed on March 27, 2014."  Doc. 92 at 3.

3       Lowden opposed Vitale's motion for leave, pointing out that several of the exhibits in
4 the new filing have been altered, and that whole exhibits—such as the Affidavit of Todd
5 Vitale, or certain emails from Head to opposing counsel—had been either excluded or added
6 to Vitale's new response filing.  *See* Doc. 93 at 3.  In the reply, Zurbach dismisses Lowden's
7 arguments as technicalities, representing that "the only differences to the exhibits submitted
8 with the Motion for Leave and those submitted with original motions is that the new exhibits
9 do not have the Vitale & Associates stamps which are a result of the software used to copy or
10 print the exhibits.  There are no substantive differences in the exhibits and counsel's
11 arguments that they are different are red herrings and should not be accepted."  Doc. 94 at 2.

12       Although Vitale argues that its failure to submit the documents was a "clerical error"
13 and cites Federal Rule of Civil Procedure 60(a) as a basis for relief, Doc. 92 at 3, in reality
14 Vitale seeks modification of the court's order at Doc. 87 to permit him to submit both its
15 response and exhibits after the court-ordered deadline passed.  Under Federal Rule of Civil
16 Procedure 6(b), "[w]hen an act may or must be done within a specified time, the court may,
17 for good cause, extend the time: . . . (B) on motion made after the time has expired if the
18 party failed to act because of excusable neglect."[4]  More specifically, under Rule 16(b)(4),
19 "[a] schedule may be modified only for good cause and with the judge's consent."[5]
20 Additionally, the district court retains inherent authority to strike, vacate, or deny without
21 prejudice improper filings "to regulate the conduct of attorneys who appear before it [and] to
22 promulgate and enforce rules for the management of litigation . . . ."[6]

23       Zurbach's cavalier attitude towards his duty to investigate the record in this case, as

---

[4] Fed. R. Civ. Proc. 6(b).

[5] *Id.* at 16(b)(4).

[6] *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995) (citing, *e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)); *Mohamed v. U.S. Dep't of Agriculture Food and Nutrition*, 2009 WL 462710, at *2 (E.D. Cal. Feb. 23, 2009) (vacating without prejudice cross-motions for summary judgment). *Cf. Metzger v. Hussman*, 682 F. Supp. 1109, 1110 (D. Nev. 1988).

4

well as the prejudice Lowden may suffer as a result of being compelled to respond to or reconcile the various summary judgment filings, fits into an unfortunate pattern by Vitale's counsel that has resulted in needless court filings, delay of adjudication on the merits, and a significant waste of the court's time.  The most cursory review of the record in this case would have disabused Zurbach of any notion of how the court required him to modify the response to the motion for summary judgment.  Doc. 87 explicitly stated that Vitale "shall re-file its response to Lowden's Motion for Summary Judgment, substituting the new Uithoven affidavit for the previous one, by June 20, 2014.  *No other changes to the opposition are authorized.*"  Doc. 87 at 2 (emphasis added).  It also specified that "[w]hen deciding the motion for summary judgment, the court will consider only the motion, Vitale's (forthcoming) response, and Lowden's (forthcoming) reply."  *Id.*  The plain language of this order explicitly presupposed a *single* response filing, with all attached exhibits.

Additionally, and despite Zurbach's contention, it is patently unreasonable to call the omission of the Vitale affidavit from Vitale's second and third responses to Lowden's motion for summary judgment a "technical" error.  Vitale's affidavit was an 11-page document that introduced a number of the motion's exhibits, and which is referenced extensively in all three copies of the response submitted into the record.  *See, e.g.*, Docs. 62-2, 92-2 at 6.  It is one of the evidentiary cornerstones of Vitale's response.  Tellingly, Zurbach addresses almost all of the arguments Lowden makes in her response, but ignores the omission of Vitale's affidavit.  It is impossible for the court to conclude that Zurbach's representation that "[t]here are no substantive differences in the exhibits" between Vitale's original and subsequent summary judgment filings is an accurate statement  Doc. 94 at 2.

Plaintiff's proposed new exhibits go far beyond the court's specific guidance in attempting to provide Vitale with an opportunity to cure an isolated, though critical, evidentiary issue and throws the record into a state of confusion.  The first submission, which contains Uithoven's defective affidavit, also contains Vitale's affidavit.  Doc. 62.  The second "response" contains no exhibits.  Doc. 89.  The third "response," contained in Vitale's motion for leave to supplement, contain neither Uithoven's defective affidavit, nor

Vitale's affidavit; instead, the former appears at Doc. 92-33, and the later is completely absent.[7] *See* Doc. 92. The third response relies heavily on the Vitale Affidavit, a document not actually attached; as Lowden notes, the exhibits also contains a number of minor modifications. No reasonable reading of the court's order permits either type of alteration. Among the options available to the court are to consider the most recent response and effectively substitute the defect in the Uithoven affidavit for the absence of Vitale's affidavit; to vacate its prior order notwithstanding the complete absence of good cause; or to cobble Vitale's scattered filings together to make the "best case" for the plaintiff.

The Court declines any of these unpalatable alternatives. Instead, and under its inherent authority to manage the conduct of parties before it, the court denies Lowden's motion for summary judgment without prejudice and with leave to file a new motion for summary judgment within the next 30 days. Vitale shall then have 21 days to file a SINGLE response. Lowden shall then have 14 days to file a single reply, which must incorporate any evidentiary objections.[8] No modification of these deadlines will be permitted, and no supplementation of the motion, response, or reply will be allowed.

Finally, and given the significant delays and evasions employed by Vitale's counsel that have prevented the court from reaching and resolving the merits of the current motion, the court will entertain a motion from Lowden for her reasonable attorney's fees and costs arising in connection with the drafting, review, or filing of all summary judgment documents filed after the court's order at Doc. 87, for any conduct that may warrant an award of fees.

## Conclusion

IT IS HEREBY ORDERED that Lowden's Motion for Summary Judgment **[Doc. 54] is DENIED WITHOUT PREJUDICE;**

It is FURTHER ORDERED that Vitale's Motion for Leave to File Supplemental Response **[Doc. 92] is DENIED;**

---

[7] Vitale argues that "the revised affidavit . . . was filed along with the Motion for Leave at Exhibit A-30." Doc. 94.

[8] Nev. L.R. 7-2(e).

It is FURTHER ORDERED that Lowden's Motion to Strike **[Doc. 95] is DENIED AS MOOT.**

DATED: August 14, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE