# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Vitale & Associates, LLC, <br><br>  Plaintiff <br><br> v. <br><br> Sue Lowden, et al., <br><br>  Defendants | Case No.: 2:12-cv-1400-JAD-VCF <br><br> **Order Granting Motion for Extension of Time to File Notice of Appeal** <br><br> [ECF 116] |

Vitale & Associates, LLC moves under FRAP 4(a)(5) to extend the time to file a notice of appeal from two decisions entered on July 30, 2015. The first is the order granting summary judgment and denying motion for attorney's fees and costs (Order).[1] And the second is the judgment in favor of Sue Lowden (Judgment).[2] I find that Vitale has met the standard to obtain an extension. I thus grant the motion. Vitale's time to appeal from the Order and Judgment is extended to September 30, 2015.

## Discussion

FRAP 4(a)(5)(A) permits district courts to extend the time to file a notice of appeal if (1) a party moves for an extension no later than 30 days after the time prescribed by FRAP 4(a) expires and (2) that party shows excusable neglect or good cause for the extension. Vitale has satisfied both of these requirements.

Vitale's motion is timely under FRAP 4(a)(5)(A)(i). The Order and Judgment were both entered on July 30, 2015,[3] so Vitale's time to file a notice of appeal under FRAP 4(a)(1)(A) expired

---

[1] ECF 107.

[2] ECF 108.

[3] ECF 107, 108.

on August 31, 2015.[4] Vitale's motion was filed on August 27, 2015,[5] before the 30-day period under FRAP 4(a)(1)(A) had expired. Vitale also established good cause for an extension: between August 17–24, 2015, its non-local counsel, Corey Zurbuch, simultaneously relocated his practice from Boulder to Aspen, Colorado, and his residence from Raleigh, North Carolina, to Aspen, Colorado.[6]

Vitale asks me to extend its time to file notice of appeal until "30 days after the Court rules on the Bill of Costs and Lowden's motion for non-taxable costs, but in no event, later than September 29, 2015."[7] FRAP 4(a)(5)(C) provides that no extension under FRAP 4(a)(5) can exceed the later of either 30 days after the prescribed time or 14 days after entry of the order granting the motion to extend. Because 30 days from expiration of the prescribed time (August 31, 2015[8]) is Wednesday, September 30, 2015, and 14 days from the date of entry of this order is Tuesday, September 22, 2015, the former is the later of the two options here.

## Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Vitale's motion **[ECF 116]** to extend the time to file a notice of appeal from the order granting summary judgment and denying motion for attorney's fees and costs [ECF 107] and the judgment in favor of Lowden [ECF 8] is **GRANTED**. Vitale's time to appeal is extended to **Wednesday, September 30, 2015.**

DATED this 8th day of September, 2015.

_____
Jennifer A. Dorsey
United States District Judge

---

[4] Because 30 days from July 30, 2015, falls on Saturday, August 29, 2015, the period continued to run under FRAP 26(a)(1)(C) until Monday, August 31, 2015.

[5] ECF 116.

[6] ECF 113 at 2 ¶ 2.

[7] ECF 113 at 2–3.

[8] I suspect Vitale calculated the later-possible date as being Saturday, September 29, 2015, based on the end of the period being August 29, 2015, which does not factor FRAP 26(a)(1)(C) into the equation.