# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| VITALE & ASSOCIATES, LLC, | |
|         Plaintiff, | 2:12-cv-01400-JAD-VCF |
| vs. | **REPORT AND RECOMMENDATION** |
| SUE LOWDEN, *et al.*, | |
|         Defendants. | |

Before the court are Defendant's Bill of Costs (#111), Plaintiff's Objection to Bill of Costs (#113), Defendant's Motion for Nontaxable Costs (#109), Plaintiff's Response to Motion for Nontaxable Costs, and Defendant's Reply in Support of Motion to Recover Nontaxable Costs (#117).

When an objection to a Bill of Costs is filed, "the cost bill shall be treated as a motion and the objections shall be treated as a response thereto." Local Rule 54-13(b)(3). The bill of costs at issue here was timely and properly filed in accordance with applicable rules.  Counsel has certified the requested costs and provided accounting backup.  The costs appear reasonable under the circumstances.  Plaintiff's argument that Judge Dorsey already denied costs when granting defendant's motion for summary judgment is not persuasive, as at that time defendant was requesting costs as sanctions, not as of right under Federal Rules of Civil Procedure 54.  Therefore, the Bill of Costs (#111) should be granted and Plaintiff's Objection (#113) should be overruled.  The clerk should be directed to tax costs totaling $2,207.13 in full against plaintiff and in favor of defendant.

Defendant's Motion for Nontaxable Costs seeks reimbursement for costs of legal research services in the amount of $5,547.36.  This request is based on the undisputed evidence that an Offer of Judgment by Defendant to Plaintiff in the amount of $20,000 to satisfy all of plaintiff's claims including interest costs and attorneys' fees was not timely accepted by plaintiff.  Now that judgment has been entered in

favor of the defendant and against the plaintiff (#108), defendant argues that the nontaxable costs incurred by defendant after this offer was not accepted should be imposed on plaintiff. FED. R. CIV. P. 68(d) ("If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.")

If applicable, the costs-shifting provided by this rule is mandatory. *United States v. Trident Seafoods Corp.,* 92 F.3d 855, 859 (9th Cir.1996). The Supreme Court has clearly held, however, that the terms of Rule 68(d) are not satisfied and thus the rule is inapplicable where, as here, the judgment is in the defendant-offeror's favor and the plaintiff-offeree obtains no judgment in his favor at all. *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352 (1981). Plaintiff's request for an award of non-taxable costs pursuant to FED. R. CIV. P. 68, must be denied.

Accordingly,

IT IS HEREBY RECOMMENDED that defendant's Bill of Costs (#111), being treated as a motion as required by the local rules, be GRANTED and that the Clerk be directed to tax costs totaling $2,207.13 in full against plaintiff and in favor of defendant.

IT IS FURTHER RECOMMENDED that Defendant's Motion for Nontaxable Costs (#109) be DENIED.

DATED this 14th day of September, 2015.

                                        _____
                                        CAM FERENBACH
                                        UNITED STATES MAGISTRATE JUDGE